## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

BRADEN GIACOBAZZI
    Plaintiff

Case No: 25-cv-10325

v.

Hon. _____

MELANIE HALAS in her personal
and official capacities, and
CITY OF ROYAL OAK
    Defendants

**COMPLAINT**

_____/

Thomas J. Lambert (P86348)
Thomas J. Lambert, PLC
Attorney for Plaintiffs
PO Box 144
Jamestown, MI 49427
(616) 275-2976
tlambert@tjlplc.com

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

NOW COMES Plaintiff BRADEN GIACOBAZZI, by and through counsel, and complains as follows:

### INTRODUCTION

1.    This case is a pre-enforcement action under the First and Fourteenth Amendments of the United States Constitution, and the Michigan *Freedom of Information Act* ("FOIA"); MCL 15.321 *et seq*.

2.    Defendants have denied Plaintiff his right to video and audio record his interactions with government officials in the performance of their

1

duties where no reasonable expectation of privacy exists, in addition to instituting other unreasonable, arbitrary and capricious 11th-hour conditions upon their fulfillment of Plaintiff's FOIA request.

3.     Plaintiff is seeking the proper fulfillment of his FOIA request as well as the ability to exercise his right to record his interactions with public officials for posterity and his protection during the fulfillment of said request.

## PARTIES

4.     Plaintiff BRADEN GIACOBAZZI is an adult resident of the State of Michigan, and a "person" entitled to public information as that term is defined in MCL 15.232(g).

5.     Defendant MELANIE HALAS is sued in her personal capacity and in her official capacity the FOIA Coordinator and City Clerk of the City of Royal Oak.

6.     Defendant CITY OF ROYAL OAK is municipal corporation formed under the laws of the State of Michigan located in Oakland County, Michigan.

7.     Defendant CITY OF ROYAL OAK is a "public body" as that term is defined by MCL 15.232(h).

## JURISDICTION

8.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343 as this case involves federal questions and federal civil rights under 42 U.S.C. § 1983, and supplemental jurisdiction 28 U.S.C § 1367 over Plaintiff's claims under state law.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### April 29, 2024, Request

10.     On April 29, 2024, Plaintiff BRADEN GIACOBAZZI submitted a valid FOIA request via email to Defendant CITY OF ROYAL OAK seeking an opportunity to "inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the 2023 Royal Oak election that occurred on November 7th 2023" [hereinafter the "Apr 29 Request"].

11.     A fair and accurate copy of the Apr 29 Request is attached hereto as **Exhibit 1**.

12.     On May 14, 2024, after an extension, Defendant CITY OF ROYAL OAK granted Plaintiff's request and demanded a 50% deposit of $2,969.91 [hereinafter the "May 14 Grant"].

13.     A fair and accurate copy of the May 14 Grant is attached hereto as **Exhibit 2**.

14.     On May 23, 2024, Plaintiff BRADEN GIACOBAZZI inquired to confirm that he would be able to photograph or scan the requested envelopes or have one of Defendant CITY OF ROYAL OAK's staff do so, and that he would be permitted to videotape the entire process.

15.     On May 24, 2024, Defendant CITY OF ROYAL OAK replied indicating that Plaintiff BRADEN GIACOBAZZI would be able to do so.

16.     A fair and accurate copy of the May 23-24 email exchange is attached hereto as **Exhibit 3**.

17.     On October 11, 2024, Plaintiff BRADEN GIACOBAZZI emailed Defendant CITY OF ROYAL OAK to indicate that he would like to move forward with the Apr 29 Request.

18.     On October 17, 2024, Defendant CITY OF ROYAL OAK replied that the Apr 29 Request was considered abandoned on July 3 due to nonpayment of the requested deposit and indicating that Plaintiff would have to submit a new request if he still wished to pursue the records.

19.     A fair and accurate copy of the Oct 11-17 email exchange is attached hereto as **Exhibit 4**.

### October 24, 2024, Request

20.    On October 24, 2024, Plaintiff BRADEN GIACOBAZZI submitted a new valid FOIA request to Defendant CITY OF ROYAL OAK seeking the ability to "inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the 2023 Royal Oak election that occurred on November 7th 2023" [hereinafter the "Oct 24 FOIA Request"].

21.    A fair and accurate copy of the Oct 24 FOIA Request is attached hereto as **Exhibit 5**.

22.    On November 1, 2024, Defendant CITY OF ROYAL OAK issued an extension extending its time to respond by 10 business days.

23.    On November 15, 2024, Defendant CITY OF ROYAL OAK issued a final response informing Plaintiff that his Oct 24 FOIA Request "is granted" [hereinafter the "Nov 15 Grant"].

24.    A fair and accurate copy of the Nov 15 Grant is attached hereto as **Exhibit 6**.

25.    The Nov 15 Grant included an estimated cost itemization totaling $6,215.75.

26.    The Nov 15 Grant estimated time in increments of 1 minute.

27.    The Nov 15 Grant estimated 9,034 minutes (over 6 and ¼ straight days) for searching, location, and examination of records.

5

28.   The Nov 15 Grant included a deposit request of $3,107.88.

29.   The Nov 15 Grant estimated the cost to fulfil the Oct 24 FOIA Request at $0.68 per minute.

30.   After Plaintiff BRADEN GIACOBAZZI paid the requested deposit in full, on November 21, Defendant CITY OF ROYAL OAK emailed a letter to Plaintiff informing him that his deposit check had been received and that records would be available for inspection on December 11 or December 12 [hereinafter the "Nov 21 Notice"].

31.   A fair and accurate copy of the Nov 21 Notice is attached hereto as **Exhibit 7**.

## New Conditions

32.   On December 6, 2024, Defendant MELANIE HALAS emailed Plaintiff BRADEN GIACOBAZZI to inform him of new conditions that she had decided to place on the City's fulfillment of the Oct 24 Request [hereinafter the "Dec 6 Notice".]

33.   The Dec 6 Notice stated that Defendant MELANIE HALAS had decided to deny the ability to "scan, touch or videotape the absentee envelopes".

6

34.    Prior to the Dec 6 Notice, Defendant CITY OF ROYAL OAK had placed no such condition, as stated in the previous paragraph, upon its fulfillment of the Oct 24 Request.

35.    The Dec 6 Notice stated that Defendant MELANIE HALAS had decided to only permit Plaintiff BRADEN GIACOBAZZI into the room to view the requested records.

36.    Prior to the Dec 6 Notice, Defendant CITY OF ROYAL OAK had placed no such condition, as stated in the previous paragraph, upon its fulfillment of the Oct 24 Request.

37.    The Dec 6 Notice stated that Defendant MELANIE HALAS had decided that Plaintiff BRADEN GIACOBAZZI would only receive requested records individually to inspect.

38.    Prior to the Dec 6 Notice, Defendant CITY OF ROYAL OAK had placed no such condition, as stated in the previous paragraph, upon its fulfillment of the Oct 24 Request.

39.    The Dec 6 Notice stated that Defendant MELANIE HALAS had decided that Plaintiff BRADEN GIACOBAZZI would still be permitted to take pictures of the requested records with his phone.

40.    On the same day, Plaintiff BRADEN GIACOBAZZI replied to Defendant MELANIE HALAS inquiring as to the legal basis of the new

7

conditions and informing Defendant HALAS as to the purposes of his desire to scan records, have others present with him, and record his experience.

41. Again on the same day, Defendant MELANIE HALAS responded to Plaintiff BRADEN GIACOBAZZI".

42. In her response, Defendant MELANIE HALAS stated, without a reference to legal authority, that "FOIA does not require a public body to allow a requestor to scan the documents".

43. Defendant MELANIE HALAS reiterated to Plaintiff BRADEN GIACOBAZZI that only he, and "(not your attorney and assistant attorney) will be allowed in the room and there will be no video camera allowed in the room."

44. Defendant MELANIE HALAS also provided a conclusory statement that "These rules are provided so that you may conduct the inspection and examination of the records and are reasonable rules that are necessary to protect the public records."

45. Defendant MELANIE HALAS did not offer any explanation as to why these new conditions are reasonable or why they are necessary to protect the records.

46.    A fair and accurate copy of the Dec 6 Notice and subsequent email communications described above is attached hereto as **Exhibit 8**.

47.    On December 10, 2024, the undersigned, as counsel for Plaintiff BRADEN GIACOBAZZI, sent a letter through email to Defendant MELANIE HALAS inquiring as to the legal justification for the new conditions recently applied by her [hereinafter the "Dec 10 Legal Inquiry"].

48.    A fair and accurate copy of the Dec 10 Legal Inquiry is attached hereto as **Exhibit 9**.

49.    On December 11, 2024, Defendant MELANIE HALAS emailed Plaintiff BRADEN GIACOBAZZI in response to his counsel's letter from the previous day.

50.    A fair and accurate copy of Defendant MELANIE HALAS's December 11 email is attached hereto as **Exhibit 10**.

51.    In her response, Defendant MELANIE HALAS incorrectly stated that Plaintiff BRADEN GIACOBAZZI did not contact Defendant CITY OF ROYAL OAK regarding procedures until December 3, 2024.

52.    In her response, Defendant MELANIE HALAS claimed her new conditions amount to "a reasonable opportunity for inspection and examination of the records" but again failed to explain why.

53.    Defendant MELANIE HALAS also opined that the FOIA's use of the term "person" means that a public body is justified in only permitting the "individual requesting the records" into the inspection room.

54.    Defendant MELANIE HALAS, again without explanation or justification, summarily declared that "[t]his is also necessary to prevent excessive and unreasonable interference with the discharge of the public body's functions."

55.    Defendant MELANIE HALAS further declared that by "involving an attorney to write a letter to the city and make demands of the city, who's only responsibility is to provide a public record to a requestor under the FOIA and not engage in a legal debate, is one of the excessive and unreasonable interferences with the discharge of the public body's functions as contemplated under the FOIA."

56.    Defendant MELANIE HALAS's assertions in the December 11 email were entirely conclusory and failed to explain how her new conditions were reasonable or how Plaintiff BRADEN GIACOBAZZI's actions *would*, not could, lead to any of the outcomes feared by HALAS.

**Michigan FOIA Generally**

57.    Upon providing a public body with a proper request, a requestor has the right to "inspect, copy, or receive copies of the requested public records of the public body."  MCL 15.233(1).

58.    FOIA requires that a public body furnish a requesting person a reasonable opportunity to inspect and examine public records.    MCL 15.233(3).

59.    FOIA requires that a public body shall furnish reasonable facilities for making memoranda or abstracts from its public records during the usual business hours.  *Id.*

60.    Under FOIA, a public body may not make unreasonable rules or rules that are not necessary to protect public records or to prevent excessive and interference with the discharge of the public body's duties. *Id.*

61.    A public body shall protect public records from loss, unauthorized alteration, mutilation, or destruction.  *Id.*

62.    If a public body denies all or a portion of a request, the public body must explain the legal basis for denying all or a portion of the request. MCL 15.235(5).

63.    If a requestor challenges a public body's decision to deny all or a portion of a requestor, the "burden is on the public body to sustain its denial."  MCL 15.240(4).

### First Amendment Right to Record

64.    Concurrent with access to public acts, multiple circuits have recognized that the First Amendment protects an individual's right *to record* matters of public interest.  *Smith v Cumming*, 212 F3d 1332, 1333 (11th Cir 2000) ("First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest.");   *Glik v Cunniffe*, 655 F3d 78 (1st Cir 2011); *Fields v City of Philadelphia*, 862 F3d 583, 586-87 (7th Cir 2012);   *Fordyce v City of Seattle*, 55 F3d 436, 439 (9th Cir 1995);   *Turner v Driver*, 848 F3d 678 (5th Cir 2017); see also *Crawford v Geiger*, 996 F Supp 2d 603, 615-617 (ND Ohio 2014) (holding that the right to openly film was clearly established by 2012, despite the absence of Sixth Circuit authority).

65.    There is "paramount public interest in a free flow of information to the people concerning public officials, their servants," *Garrison v Louisiana*, 379 US 64, 77 (1964), because "extensive public security and criticism" of public officials serves to "guard[] against the miscarriage of justice."  *Nebraska Press Ass'n v Stuart*, 427 US 539, 560 (1976).

66.    The First Amendment "goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw."   *First Nat'l Bank of Boston v Bellotti*, 435 US 765, 783 (1978).

67.    The increase in the observation, recording, and sharing of public government institutional activity has contributed greatly to our public discussion of proper governance and is a protected First Amendment activity.

68.    As such, the First Amendment comfortably protects taking actual photographs, videos, and recordings of public officials while engaging in their role as public officials and when doing so does not interfere with the public official's performance of their public duties or invade upon a reasonable expectation of privacy.

## COUNT I
## 42 USC § 1983
## FIRST AMENDMENT VIOLATION – RIGHT TO RECORD

69.    Plaintiff BRADEN GIACOBAZZI incorporates by reference the previous allegations as if set forth word for word herein.

70.    Plaintiff BRADEN GIACOBAZZI has a right to record government officials while in the course of their public duties where no

reasonable expectation of privacy exists that is protected by the First and Fourteenth Amendments to the United States Constitution.

71.    Defendants' denial of Plaintiff BRADEN GIACOBAZZI's rights is not reasonable.

72.    Defendants' denial of Plaintiff BRADEN GIACOBAZZI's rights is not meant to serve legitimate, important, or compelling purpose.

73.    Defendants' denial of Plaintiff BRADEN GIACOBAZZI's rights is not narrowly tailored.

74.    Defendants have violated Plaintiff BRADEN GIACOBAZZI's rights by denying him the ability to record as described above.

75.    The conduct of Defendant MELANIE HALAS was reckless and undertaken with complete indifference and wanton disregard to the federal civil rights of Plaintiff BRADEN GIACOBAZZI to be free from violations of the First and Fourteenth Amendments to the United States Constitution.

76.    Defendants' unconstitutional conduct involves an established policy, custom, and/or practice that is contrary to the rights, privileges, and protections of the United States Constitution.

77.    Defendants are liable pursuant to the *Monell* standard as flowing from the execution of Defendants' policies or customs pursuant to

one or more of the four recognized methodologies, see *Thomas v City of Chattanooga*, 398 F.3d 426, 429 (6th Cir 2005).

**COUNT II**
**MCL 15.240**
**WRONGFUL DENIAL UNDER THE MICHIGAN FREEDOM OF INFORMATION ACT**

78.    Plaintiff BRADEN GIACOBAZZI incorporates by reference the previous allegations as if set forth word for word herein.

79.    Plaintiff BRADEN GIACOBAZZI made a proper request for public records to Defendant CITY OF ROYAL OAK via the Oct 24 FOIA Request.

80.    Defendant CITY OF ROYAL OAK originally granted the Oct 24 FOIA Request without condition.

81.    Defendant CITY OF ROYAL OAK's late-added condition that Plaintiff BRADEN GIACOBAZZI may not make his own copies of the requested records is not a reasonable rule that is necessary to protect the records.

82.    Plaintiff BRADEN GIACOBAZZI's copying of the records would not create excessive interference with the discharge of Defendant CITY OF ROYAL OAK's duties, nor would it lead to the loss, unauthorized alteration, mutilation, or destruction of the records.

83.     Defendant CITY OF ROYAL OAK has failed to explain how its late-added condition denying Plaintiff BRADEN GIACOBAZZI any ability to copy the requested records is reasonable or necessary.

84.     Defendant CITY OF ROYAL OAK's late-added condition that Plaintiff BRADEN GIACOBAZZI will be the only permission permitted in the room is not a reasonable rule that is necessary to protect the records.

85.     Allowing Plaintiff BRADEN GIACOBAZZI's to be accompanied by other individuals, including legal counsel, would not create excessive interference with the discharge of Defendant CITY OF ROYAL OAK's duties, nor would it lead to the loss, unauthorized alteration, mutilation, or destruction of the records.

86.     Defendant CITY OF ROYAL OAK has failed to explain how its late-added condition denying Plaintiff BRADEN GIACOBAZZI any ability to be accompanied by other individuals, including legal counsel, is reasonable or necessary.

87.     Defendant CITY OF ROYAL OAK's late-added condition that Plaintiff BRADEN GIACOBAZZI may not video record while inspecting records is not a reasonable rule that is necessary to protect the records.

88.     Plaintiff BRADEN GIACOBAZZI's video recording would not create excessive interference with the discharge of Defendant CITY OF

ROYAL OAK's duties, nor would it lead to the loss, unauthorized alteration, mutilation, or destruction of the records.

89.   Defendant CITY OF ROYAL OAK has failed to explain how its late-added condition denying Plaintiff BRADEN GIACOBAZZI any ability to video record is reasonable or necessary.

90.   Defendant CITY OF ROYAL OAK has wrongfully denied the Oct 24 FOIA Request in party via its late-added unlawful conditions.

91.   Defendant CITY OF ROYAL OAK has acted arbitrarily and capriciously in its noncompliance.

92.   Defendant CITY OF ROYAL OAK willfully and intentionally failed to comply with the FOIA or otherwise acted in bad faith.

93.   As a result of Defendant CITY OF ROYAL OAK's wrongful conduct, Plaintiff BRADEN GIACOBAZZI has incurred attorney fees, costs, and disbursements which must be paid by Defendant CITY OF ROYAL OAK pursuant to MCL 15.240(6).

## RELIEF REQUESTED

Plaintiff BRADEN GIACOBAZZI respectfully requests this Court to:

a. Declare that Defendants' prohibition on Plaintiff recording matters of public interest and public officials in the performance of their public duties violates the First and Fourteenth

Amendments to the Unites States Constitution and cannot be enforced by Defendant;

b. Enter preliminary and permanent prospective injunction prohibiting and enjoining Defendants from enforcing their recording prohibitions;

c. Find that Defendant CITY OF ROYAL OAK illegally denied the Oct 24 FOIA Request in part;

d. Find that Defendant CITY OF ROYAL OAK acted arbitrarily and capriciously;

e. Find that Defendant CITY OF ROYAL OAK acted willfully and intentionally or otherwise acted in bad faith;

f. Enter an order against Defendant CITY OF ROYAL OAK compelling the disclosure of the public records requested via the Oct 24 FOIA Request, without condition, including that

   i. Plaintiff BRADEN GIACOBAZZI is permitted to scan or copy the requested records, provided that Plaintiff BRADEN GIACOBAZZI demonstrates that doing so will not lead to loss, alteration, mutilation, or destruction of the records;

    ii. Plaintiff BRADEN GIACOBAZZI is permitted to be accompanied by a reasonable number of other individuals, including legal counsel, provided the other individuals to not create an excessive interference with the Defendant CITY OF ROYAL OAK's duties; and that

    iii. Plaintiff BRADEN GIACOBAZZI is permitted to video record public records, himself, and those around him, provided he does so where there is no reasonable expectation of privacy;

g. Enter a judgement awarding attorney fees pursuant to 42 U.S.C. § 1988;

h. Enter a judgement awarding attorney fees, costs, and disbursements pursuant to MCL 15.240(6);

i. Enter a judgement awarding all punitive damages and imposing all civil fines authorized by the FOIA;

j. Grant all other relief that this Court deems equitable and just.

Date: January 27, 2025                    Respectfully Submitted,

                                 */s/ Thomas J. Lambert*
                                Thomas J. Lambert (P86348)
                                Thomas J. Lambert, PLC
                                Attorney for Plaintiff

PO Box 144
Jamestown, MI 49427
(616) 275-297
tlambert@tjlplc.com

# Exhibit 01

April 29 FOIA Request

| | |
|---|---|
| **From:** | Braden Giacobazzi |
| **Sent:** | Monday, 29 April 2024 14:56 |
| **To:** | cityclerk@romi.gov |
| **Subject:** | FOIA for Envelopes from the November 7, 2023 Royal Oak |

Election

Hello,

This email is a FOIA request to inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the 2023 Royal Oak election that occurred on November 7th 2023.

Also, the request presupposes that the ballot envelopes will be separated by precinct.

Please use this address for the request:

**Braden Giacobazzi**
**6 Parakeet Hill Drive**
**Orion MI, 48359**
**231-420-3569**

Kind regards,


Braden Giacobazzi

# Exhibit 02

April 14 FOIA Grant



May 14, 2024

Braden Giacobazzi
6 Parakeet Hill Dr
Orion, MI 48359

Via email to: braden.giacobazzi@gmail.com

Re: FOIA Records Request November 7, 2023, City Election

Dear Mr. Giacobazzi

I am writing in response to your Freedom of Information (FOIA) request for City of Royal Oak ("City") records, dated April 29, 2024. Since that time, we have issued a 10-day extension pursuant to MCL 15.235(2)(d) and have begun the process to determine what will be required to prepare the City's response to your request.

**Request: To inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the 2024 Royal Oak election that occurred November 7th, 2023.**

**RESPONSE:** Request is granted. The City shall provide access as follows:

- Inspect the absentee ballot envelopes at the City's offices during regular hours under the supervision of the Clerk, Deputy Clerk, and/or authorized designated staff. The envelopes will not be separated into precinct order.

**FOIA ITEMIZED COST**: The estimated cost to review, examine and separate exempt material, if any, and have a staff member present to assist during the inspection of the absentee ballot envelopes.  Total estimated cost is = $5,939.82.

**FOIA ITEMIZED COST WORKSHEET.**  The City's projected labor costs to locate, separate, redact and prepare for the above option are set forth in the attached itemized cost worksheet. Please remit the amount for the deposit of the request as set forth in the attached cost worksheet. The deposit must be received by July 3, 2024, or the request will be considered abandoned by law. MCL 15.234(14).

The City estimates that it will have the records ready for you within 30 days of receiving the deposit. Please be advised that this date is a good faith estimate of the timeframe required to provide the documents as set forth more fully in MCL 15.234(8).

The Royal Oak FOIA Procedures and Guidelines and the written FOIA summary can be found at: **www.romi.gov**

In the event you are not satisfied with this response you have the right to submit a written appeal under MCL 15.240 to the Interim City Manager, via the City Clerk that specifically states the word "appeal" and identifies the reason or reasons for reversal of this denial.

Should you have any questions please feel free to contact the City Clerk's office.

Sincerely,

*Deanna Braswell*

Deanna Braswell
Deputy City Clerk

City of Royal Oak Cost Estimate
FOIA - Braden Giacobazzi

**Porter Rates**

| | |
|---|---|
| Hourly Rate: | $33.86 |

**Staff Rates**

| | |
|---|---|
| Hourly Rate: | $39.04 |
| Minute Rate: | $0.65 |

| Labor Costs | | Number of Documents | Time Per Document | Time Total in Minutes | Cost Total |
|---|---|---|---|---|---|
| **Labor Costs**<br>(Search, Location and Examination of Records) | # of AV envelopes | 9,034 | 1 minute | 9034 | $5,872.10 |
| | | | | | |
| | | | Minutes Total | 9,034 | |
| | | | Hours Total | 150.57 | |
| | | | Days Total | 6.27 | |
| | | | Porter Pick up/Delivery Fee | 120 | $67.72 |
| | | | Labor Cost | | $5,872.10 |
| | | | Fee Total | | $5,939.82 |
| | | | | | |
| | | | **Deposit Request** | | $2,969.91 |

# Exhibit 03

May 23-24 Email Exchange

**From:** Braswell, Deanna
**Sent:** Friday, 24 May 2024 19:11
**To:** Braden Giacobazzi
**Subject:** RE: FOIA - City of Royal Oak

Good afternoon-

Per your request you can do that. Our staff is just there to observe.

Deanna


Deanna Braswell
Deputy City Clerk

248.246.3050
DeannaB@romi.gov
203 S. Troy Street / Royal Oak, MI 48067



---

**From:** Braden Giacobazzi <braden.giacobazzi@gmail.com>
**Sent:** Thursday, May 23, 2024 9:37 AM
**To:** Braswell, Deanna <DeannaB@romi.gov>
**Subject:** Re: FOIA - City of Royal Oak


**WARNING:** This email originated from **outside** The City of Royal Oak. **Do not click on any links or open any attachments** unless you recognize the sender and are expecting the message.

Thank you, Deanna

Please confirm that, per my FOIA request, I will be permitted to photograph or scan the envelopes or have one of your staff do so and videotape the entire process.

Kind regards


Braden

On Tue, May 14, 2024 at 10:13  AM Braswell, Deanna
<[DeannaB@romi.gov](mailto:DeannaB@romi.gov)> wrote:

> Dear Requestor,
>
> Please see the attached letter regarding your recent FOIA request.
>
> Thank you,
> Deanna
>
>
> Deanna Braswell
> Deputy City Clerk
>
> 248.246.3050
> [DeannaB@romi.gov](mailto:DeannaB@romi.gov)
> 203 S. Troy Street / Royal Oak, MI 48067
>
> 

# Exhibit 04

October 11-17 Email Exchange

 Gmail

**Braden Giacobazzi <braden.giacobazzi@gmail.com>**

---

## FOIA - City of Royal Oak

---

**Braden Giacobazzi** <braden.giacobazzi@gmail.com>                    Fri, Oct 11, 2024 at 10:05 AM
To: "Braswell, Deanna" <DeannaB@romi.gov>

Deanna,

I would like to move forward with this foia to view/record the royal oak envelopes.

Can you please reconfirm the costs so I can send payment?

Kind regards

Braden

 **Gmail**

**Braden Giacobazzi <braden.giacobazzi@gmail.com>**

---

## FOIA - City of Royal Oak

---

**Braswell, Deanna** <DeannaB@romi.gov>
To: Braden Giacobazzi <braden.giacobazzi@gmail.com>

Thu, Oct 17, 2024 at 9:33 AM

Dear Mr. Giacobazzi:

Since we did not receive a deposit on July 3, 2024 for your previous FOIA, your request was considered abandoned, as referenced in the letter that was sent to you on May 14, 2024.

At this point, you would need to submit a new FOIA request.

Sincerely,

Deanna

Deanna Braswell

Deputy City Clerk

248.246.3050
DeannaB@romi.gov
203 S. Troy Street / Royal Oak, MI 48067



# Exhibit 05

October 24 FOIA Request

 **Gmail**

Braden Giacobazzi <braden.giacobazzi@gmail.com>

---

## FOIA - City of Royal Oak

---

**Braden Giacobazzi** <braden.giacobazzi@gmail.com>                                    Thu, Oct 24, 2024 at 10:10 PM
To: "Braswell, Deanna" <DeannaB@romi.gov>

Deanna,

This email is a FOIA to re-request to inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the 2023 Royal Oak election that occurred on November 7th 2023.

Also, the request presupposes that the ballot envelopes will be separated by precinct.

Please provide a price breakdown and use this address for the request:

**Braden Giacobazzi**
**6 Parakeet Hill Drive**
**Orion MI, 48359**
**231-420-3569**

Kind regards,


Braden Giacobazzi

# Exhibit 06

November 15 Grant



November 15, 2024

Braden Giacobazzi
6 Parakeet Hill Dr
Orion, MI 48359

Via email to: braden.giacobazzi@gmail.com

Re: FOIA Records Request November 7, 2023, City Election

Dear Mr. Giacobazzi

I am writing in response to your Freedom of Information (FOIA) request for City of Royal Oak ("City") records, dated October 25, 2024. Since that time, we have issued a 10-day extension pursuant to MCL 15.235(2)(d) and have begun the process to determine what will be required to prepare the City's response to your request.

**Request: To inspect, scan or photograph, and take notes regarding all the absentee ballot envelopes from the Royal Oak election that occurred November 7th, 2023.**

**RESPONSE:** Request is granted. The City shall provide access as follows:

- Inspect the absentee ballot envelopes at the City's offices during regular hours under the supervision of the Clerk, Deputy Clerk, and/or authorized designated staff. The envelopes will not be separated into precinct order.

**FOIA ITEMIZED COST**: The estimated cost to review, examine and separate exempt material, if any, and have a staff member present to assist during the inspection of the absentee ballot envelopes. Total estimated cost is = $6,215.76.

**FOIA ITEMIZED COST WORKSHEET.** The City's projected labor costs to locate, separate, redact and prepare for the above option are set forth in the attached itemized cost worksheet. Please remit the amount for the deposit of the request as set forth in the attached cost worksheet. The deposit must be received by January 2, 2025, or the request will be considered abandoned by law. MCL 15.234(14).

The City estimates that it will have the records ready for you within 30 days of receiving the deposit. Please be advised that this date is a good faith estimate of the timeframe required to provide the documents as set forth more fully in MCL 15.234(8).

The Royal Oak FOIA Procedures and Guidelines and the written FOIA summary can be found at: **www.romi.gov**

In the event you are not satisfied with this response you have the right to submit a written appeal under MCL 15.240 to the Interim City Manager, via the City Clerk that specifically states the word "appeal" and identifies the reason or reasons for reversal of this denial.

Should you have any questions please feel free to contact the City Clerk's office.

Sincerely,

Deanna Braswell

Deanna Braswell
Deputy City Clerk

City of Royal Oak Cost Estimate
FOIA - Braden Giacobazzi
10.25.2024 FOIA Request

**Porter Rates**

| Hourly Rate: | $36.32 |
|---|---|

**Staff Rates**

| Hourly Rate: | $41.18 |
|---|---|
| Minute Rate: | $0.68 |

**Labor Costs**
(Search, Location and Examination of Records)

| | # of AV envelopes | Number of Documents | Time Per Document | Time Total in Minutes | Cost Total |
|---|---|---|---|---|---|
| | 9,034 | | 1 minute | 9034 | $6,143.12 |
| | | | Minutes Total | 9,034 | |
| | | | Hours Total | 150.57 | |
| | | | Days Total | 6.27 | |
| | | | Porter Pick up/Delivery Fee | 120 | $72.64 |
| | | | Labor Cost | | $6,143.12 |
| | | | Fee Total | | $6,215.76 |
| | | | Deposit Request | | $3,107.88 |

# Exhibit 07

November 21 Notice



November 21, 2024

Braden Giacobazzi
6 Parakeet Hill Dr
Orion, MI 48359

Via email to: braden.giacobazzi@gmail.com

Re: FOIA Deposit Received

Dear Mr. Giacobazzi

I am writing in response to the deposit letter dated November 15, 2024 sent from the City.  We have received check #115 made out for $3107.88 and have begun gathering documents requested in your Freedom of Information request.

As noted in the letter dated November 15, 2024, the city will provide the absentee ballot envelopes at the City's offices during regular hours under the supervision of the Clerk, Deputy Clerk, and/or authorized designated staff. The envelopes will not be separated into precinct order.

**DATES AVAILABLE FOR INSPECTION**: The envelopes will be available for inspection on Wednesday December 11, 2024 and/or Thursday December 12, 2024. We would like to begin the inspection at 8:00 a.m.    The remaining balance will be due once the inspection has been completed.

The Royal Oak FOIA Procedures and Guidelines and the written FOIA summary can be found at: **www.romi.gov**

Should you have any questions please feel free to contact the City Clerk's office.

Sincerely,

*Deanna Braswell*

Deanna Braswell
Deputy City Clerk

# Exhibit 08

December 6 Notice and Communications

Good Morning Braden –

The FOIA does not require a public body to allow a requestor to scan the documents but requires a public body to furnish a requesting person a "reasonable opportunity for inspection and examination of its public records and shall furnish reasonable facilities for making memoranda or abstracts from its public records during the usual business hours. A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference with the discharge of its functions. A public body shall protect public records from loss, unauthorized alteration, mutilation, or destruction."

These rules are provided so that you may conduct the inspection and examination of the records and are reasonable rules that are necessary to protect the public records.

As reiterated below, only you (not your attorney and assistant attorney) will be allowed in the room and there will be no video camera allowed in the room.  If you cannot abide by this, I will refund your deposit.

Melanie

Melanie Halas, MMC, MiPMC III
City Clerk

248.246.3050
melanieh@romi.gov
203 S Troy / Royal Oak, MI 48067



---

**From:** Braden Giacobazzi <braden.giacobazzi@gmail.com>
**Sent:** Friday, December 6, 2024 11:27 AM
**To:** Halas, Melanie <MelanieH@romi.gov>
**Subject:** Re: FOIA

**WARNING:** This email originated from **outside** The City of Royal Oak. **Do not click on any links or open any attachments** unless you recognize the sender and are expecting the message.

Melanie

Thank you for the email.

I do not intend to touch any of the envelopes. But if your staff could set up the envelopes into a scanner and allow me to hit the scan button, it would go much faster for everyone.  What is the legal basis for denial of this?

Also, I will have my attorney and his assistant with me as well as a tripod & camera setup to photograph the envelopes on the table.

Finally, I need to have a video camera setup in the corner of the room somewhere to record the general process, not the envelopes themselves. It will be set up far enough away to suit any legal requirements.

I am excited to work with your team on this.

Please call with any questions.

Kind regards,

Braden
231-420-3569


On Fri., Dec. 6, 2024, 10:06 a.m. Halas, Melanie, <MelanieH@romi.gov> wrote:

Good Morning Braden –


After speaking with our attorney, our absentee ballot envelopes are still under the retention period.  You cannot scan, touch or videotape the absentee envelopes.  Since you are the requestor of this FOIA request, you are the only one allowed in the room.  You may take pictures with your cell phone of the envelopes while my staff shows you the envelopes individually.  If you have any further questions, please direct them to me.


Melanie


Melanie Halas, MMC, MiPMC III

City Clerk


248.246.3050

# Exhibit 09

December 10 Legal Inquiry

# THOMAS J. LAMBERT, PLC

ATTORNEY AT LAW

PO Box 144                                                                                (616) 275-2976
Jamestown, MI 49427                                                        tlambert@tjlplc.com

December 10, 2024

Melanie Halas
City Clerk - City of Royal Oak
203 S Troy St.
Royal Oak, MI
48067

### RE: Giacobazzi FOIA Request

Good day Clerk Halas,

I am reaching out on behalf of my client, Braden Giacobazzi. On November 15, 2024, your office granted a Freedom of Information Act request from my client to inspect absentee ballot envelopes, which my client is scheduled to do this Thursday December 12, 2024. However, it is my understanding that on December 6, 2024, you personally emailed my client to add new conditions your office's fulfillment of my client's request that were not included at any point previous. The intent of this letter is to ascertain the legal basis for each new condition that you have personally applied and for you to remove any of these new conditions that are not expressly supported by law.

In an email sent by you to him on December 6, 2024, you indicated that he may not "scan, touch, or videotape the absentee envelopes." My question to you is, under what authority have you made this new assertion that was not, to my knowledge, included in the City's original response to my client or in any other communication from your office?

In the same email, you also indicated to my client that he would be the only person allowed into the room. To that, I have the same question; under what authority have you appended this new condition to the prior grant of his FOIA request?

Lastly, you also informed my client that no video camera or legal counsel may be in the room with him. Again, I have the same question to you; under what authority have you appended this new condition? Is it truly your position that my client may not have legal counsel present while he interacts with a government entity?

As I'm sure you know, the FOIA must be interpreted broadly to promote transparency, and a public body must fully disclose any responsive records unless the record is subject to an exemption, which the public body bears the burden of proving applies. Further, while a public

# THOMAS J. LAMBERT, PLC

### ATTORNEY AT LAW

PO Box 144
Jamestown, MI 49427

(616) 275-2976
tlambert@tjlplc.com

body may make some reasonable rules pursuant to MCL 15.233(3), it is your burden to show how each rule is "necessary" to prevent "excessive and unreasonable interference". I will say that I fail to see how my client's wishes constitute "excessive and unreasonable interference", but I invite you to inform me of what I am missing.

Lastly, I would like to warn you that, given the late hour in which you have decided to apply your new conditions, and the lack of authority that you have provided to justify them, one has to wonder how they do not constitute arbitrary or capricious actions on your part. But again, I invite you to inform me of what I am missing.

If you are unable to provide authority for each and every one if your new conditions, then I strongly urge you to rethink them and communicate a reversal to my client immediately. If we do not hear back from you **by the end of the day on December 11, 2024**, your lack of a response will be viewed as a new determination to deny my client's FOIA request insofar as your new conditions limit his access to public records, and we will proceed accordingly.

Thank you kindly,

*Thomas J. Lambert*
Thomas J. Lambert, PLC
PO Box 144
Jamestown, MI 49427

Cc: Braden Giacobazzi

# Exhibit 10

December 11 Halas Email

 **Gmail**

**Braden Giacobazzi <braden.giacobazzi@gmail.com>**

---

## FOIA

**Halas, Melanie** <MelanieH@romi.gov>                                          Wed, Dec 11, 2024 at 3:49 PM
To: Braden Giacobazzi <braden.giacobazzi@gmail.com>

Mr. Giacobazzi.

We are responding to a letter received from an attorney regarding your Freedom of Information Act request that is presently scheduled for an in-person inspection of records that you have requested to inspect on December 12, 2024. It should be noted that in response, your attorney incorrectly presumes that new conditions to the inspection were added on December 6, 2024.  However, you did not contact the City regarding procedure and reasonable rules for the inspection until December 3, 2024, to which the city responded promptly on December 6, 2024.  These were not new conditions and they were clearly conveyed to you in a timely manner after your request on December 3, 2024.

As previously stated to you, the FOIA does not require a public body to allow a requestor to scan the documents but requires a public body to furnish a requesting person a "reasonable opportunity for inspection and examination of its public records and shall furnish reasonable facilities for making memoranda or abstracts from its public records during the usual business hours. A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference with the discharge of its functions. A public body shall protect public records from loss, unauthorized alteration, mutilation, or destruction." MCL 15.233.  The City has afforded a reasonable opportunity for inspection and examination of the records during normal business hours and the rule limiting you from using a scanning device to inspect the records is absolutely necessary to protect those records and protect them from loss, alteration, mutilation or destruction.  You may make notes, take pictures of, or take video the records themselves, as part of your inspection but, videotaping the "process" is not an inspection and examination of a public record and is not recognized by the FOIA and will not be permitted.

Lastly, the FOIA clearly states that a "person" and/or "requesting person" has the right to inspect and examine the requested public records.  MCL 15.233(1) & (3).  By its very language and applicable case law, a person, has this right as denoted by the FOIA.  This mandates that the city provide the opportunity to inspect and examine only to the individual requesting the public records.  You, as the sole and only requesting person, are the only one that the city is obligated to provide the right to inspect and examine the records.  This is also necessary to prevent excessive and unreasonable interference with the discharge of the public body's functions. MCL 15.233(3).  Because the city only received one FOIA request from you and one deposit from you, you are the only requesting person that has the right to inspect.  This right does not extend to others that may wish to accompany you.  Moreover, there is no right in the FOIA to have an attorney present during an inspection and examination of public records.  The due process rights afforded criminal defendants is not appliable to a person making a FOIA request to a public body.  By involving an attorney to write a letter to the city and make demands of the city, who's only responsibility is to provide a public record to a requestor under the FOIA and not engage in a legal debate, is one of the excessive and unreasonable interferences with the discharge of the public body's functions as contemplated under the FOIA.

None of these parameters are arbitrary or capricious and are legally justified and supported contrary to the inaccurate assertions of your attorney.  The city has granted your request to inspect and examine the records and the city has taken all reasonable steps to fully disclose the requested public records under the FOIA.  The city has not made any denial of your FOIA request and the city remains committed to providing you the opportunity to inspect and examine the records as outlined herein on the agreed upon date.  Should you wish to amend your request to obtain copies of the requested records the city would be happy to provide another estimate for the costs associated with that reproduction should you choose to forgo an in-person inspection and examination of the records.

Sincerely,

Melanie

Melanie Halas, MMC, MiPMC III

City Clerk

248.246.3050

melanieh@romi.gov

203 S Troy / Royal Oak, MI 48067

